PROB 12C
(6/16)

Report Date: August 6, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Casey Mitchell Moore          Case Number: 0980 2:18CR00142-TOR-1

Address of Offender:                   Spokane, Washington, 99202

Name of Sentencing Judicial Officer:  The Honorable B. Lynn Winmill, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: June 20, 2017

Original Offense:        Unlawful Possession of Firearms and Ammunition, 18 U.S.C. § 922

Original Sentence:       Prison - 9 months               Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Matthew F. Duggan               Date Supervision Commenced: July 6, 2017

Defense Attorney:        Amy H. Rubin                    Date Supervision Expires: July 5, 2020

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #5** : You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

**Supporting Evidence**: On July 31, 2019, Mr. Moore was in direct violation of standard condition number 5 by failing to disclose he had been kicked out of his oxford house 3 weeks prior.

On January 18, 2018, Mr. Moore reported to the U.S. Probation Office. His conditions of supervision were explained to him and he signed his judgment stating he understood his conditions. Mr. Moore was given a copy of his judgement.

On July 31, 2019, the undersigned officer spoke to Mr. Moore over the phone and he sounded very upset. He stated he was not living at the approved oxford house due to being evicted from the residence.

Prob12C
**Re: Moore, Casey Mitchell**
**August 6, 2019**
Page 2

| | | |
|---|---|---|
| 2 | | **Standard Condition #7:** You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

**Supporting Evidence**: On July 31, 2019, Mr. Moore was in direct violation of standard condition number 7 by failing to disclose he had been terminated from his employment on July 24, 2019.

On January 18, 2018, Mr. Moore reported to the U.S. Probation Office. His conditions of supervision were explained to him and he signed his judgment stating he understood his conditions. Mr. Moore was given a copy of his judgement.

On July 31, 2019, Mr. Moore reported he had lost his job the week prior and failed to disclose the information to the undersigned.

On August 1, 2019, the undersigned officer called Mr. Moore's supervisor and she reported that Mr. Moore lost his temper with another worker at the facility. When she attempted to calm Mr. Moore down, he then began yelling at her. He was sent home and terminated on July 24, 2019.

3      **Special Condition #5**: The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

**Supporting Evidence**: On August 1, 2019, Mr. Moore was in direct violation of special condition number 5 by disclosing he had relapsed on alcohol.

On January 18, 2018, Mr. Moore reported to the U.S. Probation Office. His conditions of supervision were explained to him and he signed his judgment stating he understood his conditions. Mr. Moore was given a copy of his judgement.

On August 1, 2019, the undersigned officer requested more detailed information regarding Mr. Moore's eviction from the oxford house. Mr. Moore disclosed he had been drinking again and that he was evicted due to consuming alcohol on the premises. He signed an alcohol use admission form stating he had used alcohol on July 9, 2019.

4      **Mandatory Conditions #3:** You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

**Supporting Evidence**: On August 1, 2019, Mr. Moore was in direct violation of mandatory condition number 3 by disclosing he used marijuana on July 9, 2019.

On January 18, 2018, Mr. Moore reported to the U.S. Probation Office. His conditions of supervision were explained to him and he signed his judgment stating he understood his conditions. Mr. Moore was given a copy of his judgement.

Prob12C
**Re: Moore, Casey Mitchell**
**August 6, 2019**
Page 3

> On August 1, 2019, Mr. Moore disclosed he had been struggling to abstain from illegal drugs. He stated that his girlfriend broke-up with him and he decided to use marijuana to cope with the issue. He signed a drug use admission form stating he used marijuana on July 9, 2019.

5   **Mandatory Conditions #3:** You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

> **Supporting Evidence**: On August 1, 2019, Mr. Moore was in direct violation of mandatory condition number 3 by disclosing he used methamphetamine on July 28, 2019.
>
> On January 18, 2018, Mr. Moore reported to the U.S. Probation Office. His conditions of supervision were explained to him and he signed his judgment stating he understood his conditions. Mr. Moore was given a copy of his judgement.
>
> On August 1, 2019, Mr. Moore was directed to report to the U.S. Probation Office due to recent noncompliant behavior. The undersigned officer directed Mr. Moore to supply a urine sample. He was questioned regarding methamphetamine use, and he originally answered he had not used methamphetamine.
>
> He supplied a urine sample and it tested presumptive positive for methamphetamine. Once confronted with the test results, Mr. Moore disclosed he used methamphetamine on July 28, 2019. He signed a drug use admission form reflecting this.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   08/06/2019

s/Joshua D. Schull

Joshua D. Schull
U.S. Probation Officer

THE COURT ORDERS
[ ]   No Action
[ ]   The Issuance of a Warrant
[✓]   The Issuance of a Summons
[ ]   Other

*Thomas O. Rice*

Signature of Judicial Officer

August 6, 2019

Date