PROB 12C
(6/16)

Report Date: January 6, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 06, 2021

SEAN F. MCAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Casey Mitchell Moore | Case Number: 0980 2:18CR00142-TOR-1 |
| Address of Offender | Washington 99206 |

Name of Sentencing Judicial Officer: The Honorable B. Lynn Winmill, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: June 20, 2017

| | | | |
|---|---|---|---|
| Original Offense: | Unlawful Possession of Firearms and Ammunition, 18 U.S.C. § 922 | | |
| Original Sentence: | Prison - 9 months<br>TSR - 36 months | Type of Supervision: Supervised Release | |
| Revocation Sentence (9/10/2019) | Prison- 45 days<br>TSR- 24 months | | |
| Asst. U.S. Attorney: | Russell E. Smoot | Date Supervision Commenced: October 22, 2019 | |
| Defense Attorney: | Amy H. Rubin | Date Supervision Expires: October 21, 2021 | |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br><br>**Supporting Evidence**: On January 4, 2021, Mr. Moore was allegedly in violation of standard condition number 5 by failing to report that he moved from his approved address to another location.<br><br>On October 22, 2019, Mr. Moore was given a copy of his conditions and they were explained to him. He reported he fully understood his conditions.<br><br>On January 4, 2021, the undersigned inquired about Mr. Moore's current residence. Mr. Moore informed the undersigned he had been kicked out of his approved residence and |

moved into another apartment, belonging to an unknown male, before obtaining approval from the undersigned.

This is not the first time Mr. Moore has been kicked out of a residence and failed to report it to the undersigned. Mr. Moore understands that not reporting his change of address is a violation of his conditions.

2   **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On January 4, 2021, Mr. Moore was allegedly in violation of standard condition number 7 by failing to report he had been fired from his job.

On October 22, 2019, Mr. Moore was given a copy of his conditions and they were explained to him. He reported he fully understood his conditions.

On January 4, 2021, the undersigned officer inquired about Mr. Moore's employment, to which he reported being terminated from his job approximately a month prior. To his credit, he was able to secure new employment through a trucking company.

The undersigned officer asked Mr. Moore why he did not notify this officer of the employment change within 72 hours. Mr. Moore did not have a good excuse and should have informed the undersigned regarding the change.

3   **Special Condition #4:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On January 4, 2021, Mr. Moore was allegedly in violation of special condition number 4 by failing to abstain from the use of methamphetamine.

On October 22, 2019, Mr. Moore was given a copy of his conditions and they were explained to him. He reported he fully understood his conditions.

On January 4, 2021, the undersigned officer directed Mr. Moore to supply a urine sample at Pioneer Human Services (PHS). Mr. Moore immediately reported it would be positive for methamphetamine. He disclosed his last use was on our about January 1, 2021.

On January 4, 2021, Mr. Moore reported to PHS and supplied a urine sample that tested presumptive positive for methamphetamine. He signed a drug use admission form stating he used methamphetamine on January 1, 2021.

Prob12C
Re: Moore, Casey Mitchell
January 6, 2021
Page 3

        4       **Special Condition #6:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

        **Supporting Evidence**: On January 4, 2021, Mr. Moore was allegedly in violation of special condition 6 by failing to abstain from alcohol.

        On October 22, 2019, Mr. Moore was given a copy of his conditions and they were explained to him. He reported he fully understood his conditions.

        On January 4, 2021, the undersigned officer asked Mr. Moore if he had consumed any alcohol. He reported he had not. He was informed his urine sample would be tested for alcohol. Mr. Moore then disclosed he had consumed vodka in the last couple of days. The undersigned reminded Mr. Moore that honesty is a very important part of supervision.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/06/2021

s/Joshua D. Schull

Joshua D. Schull
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

Thomas O. Rice
United States District Judge

January 6, 2021
Date